**STATE of Missouri, Respondent,**

v.

**Michael FLOWERS, Appellant.**

**No. WD 32431.**

Missouri Court of Appeals,
Western District.

Sept. 29, 1981.

Modified On Court's Own Motion
Oct. 29, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 3, 1981.

Application to Transfer Denied
Dec. 11, 1982.

Gerald Kiser, Liberty, for appellant.

John Ashcroft and Kristie Green, Jefferson City, for respondent.

Before TURNAGE, P. J., and CLARK and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This appeal is from a conviction for first degree robbery, § 569.020, RSMo 1978, for which appellant was sentenced to twenty-five years in the Department of Corrections. *See* § 558.011.1(1). The judgment is affirmed.

Appellant's sole point on appeal concerns alleged error by the trial court in giving Instruction No. 6, which appellant contends is defective for several reasons: (1) it deviates from the guidelines of the applicable MAI Notes on Use; (2) the elements of first degree robbery were not properly identified to the jury; (3) it is confusing in that it lists appellant and his co-felon as both principal and aider in different paragraphs; (4)

the evidence was only sufficient to implicate appellant as an aider; and (5) there were prejudicial implications from the instruction that appellant was a principal.

The sufficiency of the evidence is not challenged, however, the specific facts of the crime must be stated in order to clarify the role each participant played in the activities surrounding the robbery. The jury found that on July 15, 1980, appellant and a man identified as Anthony Dixon entered a Pizza Hut in Liberty. Brandishing weapons, appellant and Dixon announced a robbery, forced the manager, Larry Sater, and two employees to lie down, and frisked them. Appellant removed the wallet of the manager. The robbers emptied the cash drawer of $1300 to $1400.

Appellant then demanded and received the manager's car keys while Dixon ordered a female employee to accompany him and appellant out of the store. When the female employee protested, Dixon struck her about the neck and mouth and threatened her life. Both robbers used abusive language toward her as she followed them to the manager's car. At that point, Dixon voiced his intent to take the female employee hostage, but appellant protested and let her go back inside the restaurant. The gunmen then decided to take a different automobile. They forced a second employee to give them his car keys, after which they drove away in his car.

Appellant's only point on appeal mentions five reasons why the trial court erred in submitting Instruction No. 6 to the jury.[1] Appellant's first three points can be re-duced to the simple allegation that the trial court erred by submitting the state's modification of MAI–CR2d which improperly deviated from MAI guidelines. Appellant's last two points contend this error prejudiced him because it confused the jury as to who was the principal and who was the aider, when he claims he was at most only an aider.

Instruction No. 6 was a modification of MAI–CR2d 2.12, which "must be given, whether requested or not, when there is any evidence that the defendant acted with others, either as an active participant or one who aided, agreed to aid or attempted to aid another in planning, committing or attempting to commit an offense." MAI–CR2d 2.10, Notes on Use 3. Thus it is clear that use of MAI–CR2d 2.12 as the verdict director was proper. There is, however, inherent conflict in the Notes on Use guidelines in MAI–CR2d 2.04 and 2.12. MAI–CR2d 2.12, Notes on Use 5 provides: "If MAI–CR 2.12 is used, the court must give a *separate instruction* defining the offense initially contemplated ...." (Emphasis added.) MAI–CR2d 2.04, Notes on Use 2 provides that each *verdict director should contain "[a]ll* essential *elements of the offense,* each submitted in numbered paragraphs." (Emphasis added.) Notwithstanding this conflict, Missouri courts have approved modifications of MAI–CR2d 2.12 to include the elements of the offense (MAI–CR2d 2.04) rather than in a separate instruction (MAI–CR2d 2.12). *State v. Simpson,* 614 S.W.2d 31, 33[3] (Mo.App. 1981); *State v. Clark,* 607 S.W.2d 817,

---

1. Instruction No. 6 reads as follows:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on July 15, 1980, the defendant with the aid of Anthony Dixon stole money in the charge of Larry Sater, and

Second, that the defendant with the aid of Anthony Dixon threatened the immediate use of physical force on or against Larry Sater for the purpose of preventing resistance to the taking of the property, and

Third, that in the course of stealing the property the defendant and Anthony Dixon were armed with deadly weapons, and

Fourth, the defendant either before or during the commission of the offense of robbery in the first degree, with the purpose of promoting its commission, aided such other person in committing that offense, then you will find the defendant guilty of robbery in the first degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of robbery in the first degree you will assess and declare the punishment at:

1. Life imprisonment, or

2. Imprisonment for a term of years fixed by you, but not less than ten years and not to exceed thirty years.

821[5] (Mo.App.1980); *State v. Brown*, 607 S.W.2d 881, 886[8] (Mo.App.1980). Appellant concedes to this authority, but believes the modification is more prejudicial in his case.

Instruction No. 6 sets out the elements of first degree robbery in paragraphs one through three (MAI–CR2d 23.02) and the mandatory instruction and tail for active participants or aiders in paragraph four (MAI–CR2d 2.12). Rule 28.02(e) provides that giving an instruction which deviates from the MAI pattern instructions "shall constitute error, its prejudicial effect to be judicially determined." In *State v. Clark, supra,* the court held that while giving a modified MAI–CR2d 2.12 verdict director which includes the elements of the crime is technically error, there was no prejudice to the defendant.

In *State v. Brown, supra,* the court analyzed this problem and concluded that MAI–CR2d 2.12 is only an appropriate verdict director if the offense charged is *not* one *initially contemplated* by the parties, *nor* one in which defendant was an *active participant*. The court held that in such situations the trial court should include the elements of the crime contemplated within the MAI–CR2d 2.12 director (*e.g.* the first degree robbery) and set out the elements of the offense *not* contemplated in a separate instruction. 607 S.W.2d at 887 fn. 3. As in *Clark*, however, the court noted the conflict between the Notes on Use of MAI–CR2d 2.04 and 2.12, emphasized that MAI–CR2d 2.12 *must* be used when there are two or more participants in a crime, and held that reversal was not required, as the issues in the case were clearly defined for the jury.[2]

In the present case, it is evident that appellant was an active participant and that the only crime committed was initially contemplated by appellant and Dixon. Thus, under *Brown*, the use of MAI–CR2d 2.12 may have been inappropriate. How-

ever, as the court stated in *Clark*: "[T]he record reflects that the trial court made a legitimate and conscientious effort to cure *an apparent defect* in the form instructions, and defendant has not shown any resulting prejudice." 607 S.W.2d at 821 (emphasis ours). The prosecutor had to deal with that same apparent defect here, and the only question is if the state has carried its burden on the appeal of showing that the deviation from MAI was not prejudicial to appellant. *State v. Phillips*, 583 S.W.2d 526, 530 (Mo. banc 1979).

In his last two points, appellant claims he was prejudiced because the jury could draw an inference from Instruction No. 6 that he was a principal, when he claims only that he was an aider. The state, however, has carried its burden by showing ample evidence that appellant was both present at and participated in the commission of the offense. Appellant brandished a weapon which he used as a threatened means of force to commit the robbery. He had an active part in putting money into the bags, frisking at least one employee, and forcing two of the employees out of the building. He is fully liable as a principal in the crime. *State v. Jackson*, 519 S.W.2d 551, 556 (Mo.App.1975).

Finally, appellant's contention that the use of the name Anthony Dixon in Instruction No. 6 was prejudicial because the transcript did not mention Dixon's first name is without citation of authority or merit.

The issues in the instant case were clear, and it cannot be said that the jury was misled or the appellant prejudiced by the prosecutor's good faith modification of the MAI.

Affirmed.

2. The Missouri Supreme Court has recently acted on this problem and repealed MAI–CR2d 2.12 effective January 1, 1982, and replaced it with a new verdict director and Notes on Use. MAI–CR2d 2.10 was also repealed without replacement in this order. The new verdict director eliminates the concept of liability for crimes other than those initially contemplated in multiple participant situations and requires only that the elements of the original crime be set out in the verdict director.