**STATE of Missouri, Plaintiff-Respondent,**

v.

**Stephen COLVIN, Defendant-Appellant.**

**No. 43470.**

Missouri Court of Appeals, Eastern District, Division Three.

July 20, 1982.

Joseph W. Downey, Public Defender, Thomas F. Flynn, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GUNN, Judge.

Defendant's complaints on his appeal from a first degree robbery conviction are: (1) the state's verdict directing instruction deviated from MAI–CR2d, was confusing and failed to contain a definition of the crime charged; (2) failure of the trial court to give a cautionary identification instruction. We affirm.

The evidence leading to defendant's conviction was that he and a companion pointed guns at two individuals seated in a parked auto and demanded money. Defendant approached from the passenger side, his companion from the driver's side. The driver gave his money to defendant's companion, but the passenger had none to give to defendant in response to his demand. As the defendant and his companion left the crime scene in their auto, they were followed by the victims who made note of the license plate of the getaway car and reported the incident to police. Defendant was arrested shortly thereafter beside the auto bearing the incriminating license plates. Both victims positively identified defendant at lineup and in court.

At trial the following verdict director patterned, as modified, after MAI–CR2d 2.12 was given at the behest of the state:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on July 21, 1979 in the City of St. Louis, State of Missouri, the defendant with the aid or attempted aid of Lawrence Johnson committed the crime of robbery in the first degree of Richard Perry in that

Lawrence Johnson with the aid or attempted aid of the defendant threatened the immediate use of physical force on or against Richard Perry for the prupose [sic] of forcing Richard Perry to deliver up the property, and that

In the course of stealing the property, Lawrence Johnson and the defendant displayed or threatened the use of what appeared to be deadly weapons, and

Second, that the defendant, either before or during the commission of the offense of robbery in the first degree with the purpose of promoting its commission aided Lawrence Johnson in committing that offense,

then you will find the defendant guilty of robbery in the first degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of robbery in the first degree, then you will assess and declare the punishment at:

1. Life imprisonment, or

2. Imprisonment for a term of years fixed by you but not less than ten years and not to exceed thirty years.

■ Defendant first argues that the instruction violated the Notes on Use guidelines by failing to contain a separate definition of the crime charged. The instruction given contained the elements of the offense, and a separate instruction containing a definition of the crime is not required. *State v. Flowers*, 630 S.W.2d 585, 586 (Mo.App. 1981); *State v. Clark*, 607 S.W.2d 817, 820 (Mo.App.1980). *See also State v. Brown*, 607 S.W.2d 881, 888 (Mo.App.1981) (holding that Note on Use 5 to MAI–CR2d 2.12 is applicable only when the defendant is being tried for an offense not originally contemplated).

Nor does the fact that defendant and his companion appear in separate paragraphs of the instruction as principal offender and as aider and abettor create confusion. This point was also rejected in *State v. Flowers*, 630 S.W.2d at 586–87. All the elements of the crime were set forth. The jury was not misled. *State v. Baker*, 630 S.W.2d 111, 116 (Mo.App.1981). The defendant was not prejudiced by the instruction. *State v. Clark*, 607 S.W.2d at 888.

■ Defendant also argues that the trial court was in error in refusing to give his non-MAI cautionary instruction on identification. But as defendant concedes, submission of a non-MAI cautionary identification instruction is discretionary. There was no abuse of discretion in this instance by refusing the instruction. *State v. Taylor*, 630 S.W.2d 95, 96 (Mo.App.1981). The victims were able to positively identify defendant under reliable circumstances. Nothing was presented which created any doubt as to his identification as the perpetrator of the crime, and the jury was fully instructed on defendant's theory of the case. *State v. Quinn*, 594 S.W.2d 599, 605 (Mo. banc 1980).

Judgment affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.