**Noah GRIMES and Thomas Pearson, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 24733.**

United States Court of Appeals
Fifth Circuit.

March 20, 1968.

Rehearing Denied April 12, 1968.

W. O. Cooper, Jr., Macon, Ga., for appellants.

Samson L. Culpepper, Asst. U. S. Atty., Macon, Ga., Marshall Tamor Golding, Atty., Dept. of Justice, Floyd Buford, U. S. Atty., Walker Johnson, Asst. U. S. Atty., Fred M. Vinson, Jr., Asst. Atty. Gen., Washington, D. C., for appellee.

Before WISDOM, BELL and DYER, Circuit Judges.

PER CURIAM:

Appellants were convicted of possessing non-tax paid whiskey in violation of 26 U.S.C.A. §§ 5205(a) (2) and 5604(a). They contend that the whiskey was unconstitutionally seized and that the grand and petit juries which considered their cases were illegally constituted.

The whiskey was seized by federal agents without a search warrant. The dispute centers on the location of the whiskey. It was found in a wooded area on land owned by appellant Grimes and behind a house which he occupied. The question presented is whether this location was within the curtilage of his home. The District Court considered the matter on a motion to suppress. His factual determination that the whiskey was outside the curtilage is not clearly erroneous.

The proof indicates that the jury list in the Macon Division was revised on the basis of a random selection of names from voter registration lists. Cf. United States v. Tillman, N.D.Ga., 1967, 272 F. Supp. 908, for a similar system. The proof was that the result of the revision was an array which is a representative cross-section of the community.

Appellants contend, however, that the use of voter registration lists as the sole source of names for jury duty is illegal. There was no showing that the use of these lists resulted in the exclusion of a "cognizable group or class of qualified citizens." Rabinowitz v. United States, 5 Cir., 1966, 366 F.2d 34, 57, n. 57. See also United States v. Kelly, 2 Cir., 1965, 349 F.2d 720, 778; Chance v. United States, 5 Cir., 1963, 322 F.2d 201, 203. A group of persons who have failed to register to vote has never been con-

sidered to constitute a "cognizable group." United States v. Kelly, supra; Chance v. United States, supra; Gorin v. United States, 1 Cir., 1963, 313 F.2d 641, 644.

■ The other ground asserted is that improper care was exercised by the jury commissioner and clerk in the compilation of the jury list in carrying out the statutory command of 28 U.S.C.A. § 1861, that jurors be able to read, write, speak and understand the English language. This ground fails for want of proof.

Affirmed.