**344**

UNITED STATES of America,
Plaintiff-Appellee,

v.

John William DANGLER, Defendant-
Appellant.

No. 28316
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Paul L. Wayman, Atlanta, Ga., court-appointed, for appellant.

Charles L. Goodson, U. S. Atty., Atlanta, Ga., Charles B. Lewis, Jr., Asst. U. S. Atty., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

■ Dangler, a Jehovah's Witness, classified as a conscientious objector, was indicted, tried and convicted of failing to report to a state hospital for employment in accordance with the lawful instructions from his local board in violation of 50 U.S.C.A. App. § 462. We affirm.[1]

■ We find utterly without merit Dangler's contention that the trial judge abused his discretion when, at the request of a prospective juror who was a

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I.

Jehovah's Witness, he excused the juror for the term.

■ Dangler also urges that it was error to overrule his challenge to the array of jurors. He argues that Jehovah's Witnesses do not vote and therefore are not included in jury panels. But their exclusion as jurors is not borne out by the record. It is plain, however, that if they do not serve as jurors, it is not because they are deliberately excluded but because they are excused at their own request. We have approved the use of voter registration lists as the sole source of names for jury duty unless it results in the systematic exclusion of "a cognizable group or class of qualified citizens." Camp v. United States, 5 Cir. 1969, 413 F.2d 419. And we have held that those who do not choose to register cannot be considered a cognizable group. Grimes v. United States, 5 Cir. 1968, 391 F.2d 709, cert. denied, 393 U.S. 825, 89 S.Ct. 87, 21 L.Ed.2d 96.

Dangler's final contention that the evidence failed to show that he had a duty to report for employment at Delaware State Hospital is frivolous.

Affirmed.