**Steven Lyle CRAIG, Petitioner,**

v.

**Fred WYSE, Warden of the Colorado State Penitentiary, Respondent.**

**Civ. A. No. C–4930.**

United States District Court,
D. Colorado.

March 26, 1974.

---

Natalie S. Ellwood, Denver, Colo., for petitioner.

Robert C. Lehnert, Asst. Atty. Gen., Denver, Colo., for respondent.

## ORDER

CHILSON, District Judge.

Petitioner was convicted in the District Court of El Paso County, Colorado, of first degree murder and conspiracy, and was sentenced to life imprisonment on June 30, 1970. The Colorado Supreme Court affirmed the conviction July 3, 1972, People v. Craig, 498 P.2d 942, and the United States Supreme Court denied certiorari December 18, 1972, 409 U.S. 1077, 93 S.Ct. 690, 34 L. Ed.2d 666. Petitioner having exhausted his state remedies, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

A show cause order was issued and respondent has filed an answer and return. Petitioner has moved for an evidentiary hearing on one question raised by the petition. That motion is denied for reasons later set forth.

■ Petitioner contends that the method of selecting the jury panel from the lists of registered voters as was done in his case is unconstitutional because it excludes substantial portions of the population. The Supreme Court has given wide latitude to the states regarding the source of jury lists, as long as the source reflects a suitable cross section of the community. See Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L. Ed. 469 (1953). By the great weight of authority, the use of voter registration lists as the sole source of names for jury duty is constitutionally permissible, unless such a procedure results in the systematic exclusion of a "cognizable group or class of qualified citizens." Camp v. United States, 413 F.2d 419 (5th Cir. 1969), cert. denied, 396 U.S. 968, 90 S.Ct. 451, 24 L.Ed.2d 434 (1969). See also Grimes v. United States, 391 F.2d 709 (5th Cir. 1968), cert. denied, 393 U.S. 825, 89 S.Ct. 87, 21 L.Ed.2d 96 (1968); Rabinowitz v. United States, 366 F.2d 34 (5th Cir. 1966); Gorin v. United States, 313 F.2d 641 (1st Cir. 1963), cert. denied, 374 U. S. 829, 83 S.Ct. 1870, 10 L.Ed.2d 1052 (1963). Therefore, the question is whether the excluded group constituted a "cognizable group or class of qualified citizens."

■ The excluded persons have been identified by Petitioner as: 1) those under the age of twenty-one; 2) those who had not lived in Colorado for one year; 3) those who had not lived in their precinct for at least thirty-two days; and 4) those who had not registered to vote or had not voted in the last election.

The above groups can be excluded from the jury selection process without rendering the process unconstitutional. In United States v. Ross, 468 F.2d 1213 (9th Cir. 1972), the court held constitutional a minimum age requirement of twenty-one for prospective jurors, thereby permitting the exclusion of persons under twenty-one years of age. See also United States v. Warwar, 478 F.2d 1183 (1st Cir. 1973). Residency require-ments at least up to one year were also upheld in United States v. Ross, *supra.* And a number of courts have recognized that those who choose not to register to vote or choose not to vote cannot be considered a cognizable group. See Camp v. United States, *supra*; Gorin v. United States, *supra*; Grimes v. United States, *supra*; United States v. Dangler, 422 F.2d 344 (5th Cir. 1970); United States v. Caci, 401 F.2d 664 (2d Cir. 1968), cert. denied, 394 U.S. 917, 89 S.Ct. 1180, 22 L.Ed.2d 450 (1969); United States v. Kelly, 349 F.2d 720 (2d Cir. 1965), cert. denied, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966).

■ Since exclusion of the groups identified by the Petitioner is not unconstitutional *per se* and there has been no assertion that a particular economic, social, religious, racial, geographical or political group has been systematically excluded by the use of voter registration lists, Petitioner's first claim for relief is without merit.

■ Petitioner next alleges that his right to a fair and impartial jury was violated because all jurors with scruples against the death penalty were excluded from the jury. In support of this position, Petitioner cites Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L. Ed.2d 776 (1968), which held that a sentence of death cannot constitutionally be carried out if the jury that imposed it was selected by excluding for cause those prospective jurors who stated general objections to the death penalty, or expressed conscientious or religious scruples against its imposition. But this holding is limited to circumstances in which the death penalty is actually imposed by the jury and has no applicability where a sentence of life imprisonment is recommended or imposed. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). In the present case, Petitioner was sentenced to life imprisonment, therefore, *Witherspoon* is not controlling and Petitioner has not been prejudiced by the "death qualification" of the jury.

Petitioner further argues that the "death qualification" of jurors is improper in light of the Supreme Court's decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). In that case, the Court held that the imposition and carrying out of the death penalty under the circumstances of that case constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. The holding in *Furman* is strictly limited to sentencing and does not affect *conviction*. The convictions of the petitioners in *Furman* were allowed to stand, and only the sentences were held improper. *Furman* is not applicable to the instant case.

Petitioner also alleges that a "death qualified" jury is more "conviction prone" than jurors in general and that since his jury was "death qualified" he was not tried by a fair and impartial jury. The Supreme Court has refused to rule that the exclusion of jurors opposed to capital punishment results in an unrepresentative jury on the issue of guilt or substantially increases the risk of conviction. Witherspoon v. Illinois, *supra*; Bumper v. North Carolina, *supra*. The petitioners in both *Witherspoon* and *Bumper* produced evidence, in the form of studies and articles, that jurors who are not opposed to the death penalty tend to favor the prosecution in the determination of guilt. However, the Court concluded that such evidence was "too fragmentary and tentative" to establish the proposition as fact. Witherspoon v. Illinois, supra, 391 U.S. at 517, 88 S.Ct. 1770.

Since *Witherspoon* and *Bumper* were decided, new studies have been published which renew the attempt to show that a "death qualified" jury is conviction prone. In particular, Petitioner cites Bronson, On the Conviction Proneness and Representativeness of a Death Qualified Jury, 42 U.Colo.L.Rev. 1 (1970), and Jurow, New Data on the Effect of a Death Qualified Jury on the Guilt Determination Process, 84 Harv.L.Rev. 567 (1971). But in United States ex

rel. Townsend v. Twomey, 452 F.2d 350 (7th Cir. 1972), the Bronson study was deemed insufficient to overcome the deficiencies in the studies presented to the Supreme Court in *Witherspoon* and *Bumper,* and the Supreme Court of California recently rejected the Jurow study in People v. Murphy, 8 Cal.3d 349, 105 Cal.Rptr. 138, 503 P.2d 594 (1972).

Petitioner refers to no other evidence to sustain his assertion and no case law to support his conclusion that a "death qualified" jury is "conviction prone" and therefore not fair and impartial.

It is therefore ordered that the motion for an evidentiary hearing and the petition for writ of habeas corpus are hereby denied.