**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Michael Grady BAKER,
Defendant-Appellant.**

No. 42877.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 15, 1981.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 19, 1982.

Application to Transfer Denied
April 13, 1982.

to the jail to talk to defendant because he was implicated in the robbery; (2) admitting a photocopy of a confession hand written by defendant into evidence in violation of the best evidence rule; (3) submitting Instruction No. 6 as a modification of MAI–CR2d 2.12; (4) failing to give MAI–CR2d 2.10; (5) in submitting a deviation from MAI–CR2d 2.70; (6) overruling defendant's motion to dismiss the charge of armed criminal action in that the charge coupled with the felony of robbery constituted double jeopardy.

Defendant does not question the sufficiency of the evidence. Briefly stated, defendant, two other men and a woman planned a robbery in which the woman took a taxi cab and directed the driver to take her to a destination on Boswell Street in Woodson Terrace. When the cab stopped at the woman's direction, one of the men approached the cab on the driver's side with a gun and announced a hold up. Defendant opened the door on the passenger side and pointed a gun at the driver. The driver handed over cash, a watch and other personal property.

We first consider defendant's contention that the trial court should have declared a mistrial when the following occurred during the direct examination of State's witness Detective Sergeant Burgett:

"Q And for what purpose had you gone to the St. Louis County Jail on that date?

A To interview a subject implicated in a robbery."

Counsel for defendant asked leave to approach the bench and made an objection outside of the hearing of the jury. The court declared a recess for the purpose of considering the objection. After reviewing cases presented by counsel for the parties, the court determined that a proper disposition of the issue would be to sustain the objection and instruct the jury to disregard the answer of the police officer. The objection was sustained and the court instructed the jury to disregard the answer.

William J. Shaw, Public Defender, Thea A. Sherry, Asst. Public Defender, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Mark W. Comley, Kirk Lohman, Asst. Attys. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for plaintiff-respondent.

STEWART, Presiding Judge.

Defendant appeals his convictions of robbery in the second degree and armed criminal action. He urges us to reverse because the trial court erred in (1) failing to grant a mistrial for violation of the hearsay rule when a police officer testified that he went

■ Whether a mistrial should be granted is a matter that is properly left to the discretion of the trial court because it is in the best position to assess the effect of the incident upon the jury. Such a remedy should be granted only when the incident is so grievous that the prejudice cannot be removed in any other way. *State v. Granberry*, 530 S.W.2d 714 (Mo.App.1975).

■ In this case it is apparent that the court made a deliberate assessment of the effect of the officer's statement upon the jury and determined that its effect was minimal. The court sustained the objection and took corrective action to purge the prejudicial effect, if any, upon the jury. We cannot say that the court abused its discretion under the facts of this case. See *State v. Granberry, supra.*

Defendant cites *State v. Valentine*, 587 S.W.2d 859 (Mo.banc 1979); *State v. Edwards*, 435 S.W.2d 1 (Mo.1968); and *State v. Johnson*, 538 S.W.2d 73 (Mo.App.1976) to support his position. We have reviewed these cases but find them inapposite. They differ from this case in that in each the statement made carried a clear prejudicial inference of hearsay and in each case the court overruled the objection.

Defendant next urges us to reverse and remand this case because the trial court admitted a photocopy of defendant's confession into evidence in violation of the best evidence rule.

Detective-Sergeant Burgett of the Woodson Terrace Police Department obtained a confession from defendant that was written by defendant on a sheet of lined yellow paper. A photocopy was made of the confession. Burgett testified that on the Friday before the case was set for trial he looked for the original confession but it could not be found. He notified the Assistant Prosecuting Attorney and continued his search. The Chief of Police, another detective and the clerks assisted Burgett for two days in a search of the offices of the police department. They went through all the file cabinets, the desk drawers and the evidence locker without success.

Sergeant Burgett had last seen the original of the confession about sixteen months before the trial when he made a supplemental police report. The original was attached to the police report as the last page of the report. He had placed it in a basket to be taken to the City Hall to be photocopied so that he could use the copy in applying for a warrant. It was the routine for documents placed in the basket to be taken by a clerk to City Hall where they would be photocopied. The original of the document would be returned and placed in the files. Sergeant Burgett testified that the photocopy was an accurate copy of the original document.

■ The best evidence is generally the original of a document and it must be produced if it is within the power of the party to do so. Secondary evidence may be introduced into evidence if the original is unavailable, provided the original has not been destroyed, lost or become unavailable through the serious fault of the party offering the secondary evidence and that the secondary evidence is trustworthy. *State v. Fontana*, 589 S.W.2d 639 (Mo.App.1979).

As we read defendant's argument, he contends that the State has not shown that the original document was unavailable through no fault on the part of the State. "The objective of this criterion is to prevent the proponent from taking deliberate affirmative action to destroy the best evidence for the purpose of preventing its production in court." *State v. King*, 557 S.W.2d 51, 54 (Mo.App.1977).

■ In the case before us, the trial court could readily conclude that the original of the confession had not been deliberately destroyed and that it was not being concealed for the purpose of preventing its production. This was a photocopy of the original; in some thirty-eight jurisdictions photocopies can be considered duplicate originals under the Uniform Photographic Copies of Business and Public Records as Evidence Act. Missouri has not passed such legislation but it is indicative of the credence given to photocopies of documents.

The determination of the admissibility of this evidence is within the discretion of the trial court. *State v. Jones,* 569 S.W.2d 15, 16 (Mo.App.1978). Considering the nature of the secondary evidence and the evidence as to the reason why the original was not produced, we can not say that the trial court abused its discretion in admitting the photocopy into evidence. *State v. Jones, supra.*

Defendant next contends that the court erred in giving Instruction No. 6, the verdict directing instruction with respect to the charge of robbery in the second degree for reasons hereafter discussed. The instruction is set out in full in the margin.[1]

The defendant first attacks the instruction on the ground that it fails to comply with Rule 28.02 because it combines MAI–CR2d 2.12 and MAI–CR2d 23.04.

MAI–CR2d 2.12 is the verdict directing instruction that must be given "when there is any evidence that defendant acted with others, either as an active participant or one who aided, agreed to aid or attempted to aid another in planning, committing or attempting to commit an offense." MAI–CR2d 2.10, Notes on Use, note 3.

MAI–CR2d 23.04 is the verdict directing instruction when the defendant, as the sole participant, is charged with robbery in the second degree.

The verdict directing instruction used in this case combines the required MAI–CR2d 2.12 with MAI–CR2d 23.04, the latter of which contains the elements of robbery second degree, the crime initially contemplated.

The issue raised in this case was before the Southern District of this court in *State v. Brown,* 607 S.W.2d 881 (Mo.App.1980). As pointed out in that case, "a verdict directing instruction must submit the elements of the crime for which the defendant is being tried." Notes on Use, MAI–CR2d 2.04. MAI–CR2d 2.12, paragraph First requires only that the offense initially contemplated be "briefly identified." Paragraph Second only requires the trial court to insert the "name of [the] offense." Note 5 to this instruction requires that, "the court must give a separate instruction defining the offense initially contemplated, and must define any word used in the definition which must be defined according to Notes on Use under any MAI–CR form applicable to that offense."

Incongruously, if defendant is charged with an offense other than the original offense contemplated, the Third, Fourth and Fifth paragraphs of MAI–CR2d 2.12[2]

---

1.  "INSTRUCTION NO. 6

    As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

    First, that on or about July 21, 1979 certain persons committed the offense of robbery in the second degree of Gary Lewis Miller, In that on or about July 21, 1979 in the County of St. Louis, State of Missouri, certain persons stole U.S. Currency, one watch, and a pocket knife owned by Gary Lewis Miller, and

    In that certain persons threatened the immediate use of physical force on or against Gary Lewis Miller for the purpose of forcing Gary Lewis Miller to deliver up the property,

    Second, that the defendant, either before or during the commission of the offense of robbery in the second degree with the purpose of promoting its commission, aided such other person in committing that offense,

    then you will find the defendant guilty under Count I of robbery in the second degree.

    However, if you do not find and believe from the evidence beyond a reasonable doubt each

    and all of these propositions, you must find the defendant not guilty of that offense.

    If you do find the defendant guilty under Count I of robbery in the second degree, you will assess and declare the punishment at imprisonment for a term of years fixed by you, but not less than five years and not to exceed fifteen years."

2.  "(Third, (on) (on or about) [date] in the (City) (County) of _____, State of Missouri, [continue in this and separate paragraphs as necessary to submit each element of the other offense committed or attempted by such other person or persons other than defendant], and

    Fourth, that such offense was (committed) (attempted) (committed or attempted) by such other person(s) (in the course and furtherance of) (during immediate flight from) (to promote escape or to prevent detection for) the offense of [briefly identify, as above, the offense initially contemplated], and

    Fifth, that the defendant knew such other (person was) (persons were) practically certain to (commit) (attempt to commit) (commit or

must be used. In that event it is "necessary to submit each and every element of the other offense committed or attempted to be committed by such person or persons other than defendant." MAI–CR2d 2.12, paragraph Third.

■ If the verdict directing instruction which submits only an originally contemplated crime among co-actors must contain all of the elements of that crime in accordance with the instructions of Notes on Use MAI–CR2d 2.04, Instruction No. 6 in this case is not a deviation from MAI–CR2d. *State v. Brown, supra.*

■ If Instruction No. 6 can be said to deviate from MAI–CR2d 2.12 we find no prejudice. All the elements of the crime with which defendant was charged were clearly and fully set out in the verdict directing instruction. As said in *State v. Clark*, 607 S.W.2d 817, 821 (Mo.App.1980), "[t]he record reflects that the trial court made a legitimate and conscientious effort to cure an apparent defect in the form instructions and [we find no] resulting prejudice."

■ Defendant also complains that the elements of the crime of robbery in the second degree were not set forth in separately numbered paragraphs. We find no error in this regard. All of the elements of the crime were clearly set forth. The instruction could not have misled the jury and was not prejudicial to the defendant.

■ As we read defendant's argument, he also contends that the trial court should have given a separate instruction defining robbery in the second degree as provided by note 5 of Notes on Use under MAI–CR2d 2.12.

This issue was presented in *State v. Brown, supra,* and ruled adversely to defendant's present contention.

We find no prejudicial error with respect to the giving of Instruction No. 6 or in the failure to give a separate instruction defining robbery in the second degree.

attempt to commit) such additional offense,)

In defendant's next point he states that the court erred in failing to give MAI–CR2d 2.10 which was required in this case. This issue was not preserved in the motion for new trial and is not properly before us for review. Rule 29.11(d). *State v. Schleicher*, 442 S.W.2d 19 (Mo.1969). We have nevertheless reviewed the legal file and find that MAI–CR2d 2.10 was given in proper form as Instruction No. 11.

■ Defendant next attacks Instruction No. 10 given by the court. This instruction is MAI–CR2d 2.70 modified.

Defendant argues that neither MAI–CR2d 2.70 nor the Notes on Use "provide for mention of the suspect offenses involved under each count." We confine our discussion to the issue as raised by defendant.

MAI–CR2d 2.70 reads as follows:

"2.70 *Verdict Possibilities; One Defendant—Multiple Counts Requiring Separate Verdicts*

The defendant is charged with a separate offense in each Count submitted to you. Each offense and the evidence and law applicable to it should be considered separately. Any evidence which was or has been limited to one of the offenses charged or one purpose should not be considered by you as to another offense charged or for any other purpose.

You may find the defendant guilty or not guilty on any or all of the Counts submitted against him(, or you may find him not guilty by reason of a mental disease or defect excluding responsibility).

You should render a separate verdict as to each Count submitted against the defendant."

Instruction No. 10 submitted to the jury by the trial court informed the jury that defendant was charged with two offenses. It then names the offenses and admonishes the jury that they are to separately consider the offenses and the law and evidence applicable to each offense.

Where there is an MAI–CR instruction applicable it must be given to the exclusion

[sic] . . . ."

of all other instructions. Rule 28.02(c). "Giving or failing to give an instruction or verdict form in violation of this Rule or any applicable Notes on Use shall constitute error, its prejudicial effect to be judicially determined." Rule 28.02(e). Instruction No. 10 submitted to the jury by the trial court obviously violates Rule 28.02(c). We must determine the prejudicial effect of the change in MAI–CR2d 2.70 of which defendant complains.

Defendant argues that the instruction is erroneous because it denominates the charges contained in the separate counts of which he is charged. In other words the court has substituted a specific reference to the crimes charged for the general reference to "a separate offense" charged in each count submitted to the jury.

It is generally held that the substitution of equivalent or similar words in civil or criminal approved instructions is not prejudicial so long as it does not mislead the jury. *State v. Cockrum*, 592 S.W.2d 300, 303 (Mo.App.1979). We do not see how the substitution of specific reference to the offenses charged could have misled the jury in this case. Conforming to the intent of the form instruction, it advised the jury that they were to consider each offense and the evidence and the law applicable to them separately. Notes on Use, MAI–CR2d 2.70, note 1. We find no prejudicial error as a result of this change in MAI–CR2d 2.70.

■ This opinion should not be taken as approval of this instruction. MAI–CR2d 2.70 adequately covers the purpose for which it was formulated and should be used as directed without modification.

■ Defendant's final point relied on concerns the conviction for armed criminal action which we reverse under authority of *State v. Haggard*, 619 S.W.2d 44 (Mo.banc 1981).

The judgment of the trial court is affirmed as to the conviction for robbery and reversed as to the conviction for armed criminal action.

STEPHAN and WEIER, JJ., concur.