**STATE of Missouri, Respondent,**

v.

**Terry M. GILBERT, Appellant.**

**No. 63009.**

Supreme Court of Missouri,
En Banc.

Aug. 23, 1982.

The assignments of error are: (1) a multi-pronged attack on the constitutionality of § 195.200, RSMo 1978, including contentions that the statute violates constitutional rights to trial by jury and proscriptions against cruel and unusual punishment and double jeopardy; and (2) trial court error in (a) failing to declare a mistrial when a State's witness volunteered information concerning "stolen guns"; (b) permitting the improper prosecutorial closing argument regarding the law of entrapment; and (c) refusing to instruct the jury as to (i) the range of punishment and (ii) that the court would assess punishment.

As there is no challenge to the sufficiency of the evidence, a brief recital of the facts will suffice. On March 5, 1981, defendant was convicted of selling LSD to an undercover agent in Springfield, Missouri. A confidential informant of the Springfield Police and Federal Treasury Departments arranged a meeting between defendant and the undercover agent on the pretext that the agent was needed to lend him (the informant) money to buy guns from defendant. During the gun transaction, arrangements were made for the sale of LSD to the undercover agent. Following the sale, defendant was arrested. At trial, defendant asserted he was entrapped into selling by the confidential informant, but the jury found him guilty of selling a controlled substance. The trial court determined that defendant had previously been convicted of two felonies involving controlled substances and, pursuant to § 195.200, RSMo 1978, imposed sentence of 20 years imprisonment.

Daniel T. Ramsdell, Springfield, for appellant.

John Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Judge.

Convicted of selling lysergic acid diethylamide (LSD), a Schedule I controlled substance under Chapter 195, RSMo 1978, defendant, a previous felony offender under the controlled substance law, was sentenced by the trial court to 20 years imprisonment. Section 195.200.1(5), RSMo 1978. Defendant's constitutional challenge to the validity of § 195.200, RSMo 1978, brings the appeal within the jurisdiction of this Court under Art. V, § 3, Mo.Const.

## I.

The essence of the constitutional challenges defendant raises to § 195.200, RSMo 1978 [1] have been previously addressed in

1. Pertinent portions of § 195.200, RSMo 1978, are as follows:

Subsection 1. (5) For the offense of selling, giving or delivering any controlled substance listed in Schedule I or II to a person if the offender has previously been convicted of any felony violation of the laws of this state, or of the United States, or any other state, territory or district relating to controlled substances, by imprisonment in a state correctional institution for a term of not less than ten years nor more than life imprisonment.

Subsection 2. If any person is to be punished under the provisions of subdivision (2), (3), or (5) of subsection 1 the duty develops upon the court to affix the term of imprison-

other cases and determined adversely to such challenges; hence they require only brief discussion here.

▋ Defendant asserts that subsections 2 and 3 of § 195.200, RSMo 1978, which direct the judge to determine a defendant's prior convictions and affix punishment for subsequent violations of Missouri's controlled substances law, denied him his right to trial by jury in violation of the federal[2] and state constitutions.[3] It is well settled that the Legislature may constitutionally authorize either the Court or jury to assess punishment in a felony case. *State v. Daugherty*, 484 S.W.2d 236, 238 (Mo.1972); *State v. Prigett*, 470 S.W.2d 459, 463 (Mo. 1971); *State v. Durham*, 418 S.W.2d 23, 26 (Mo.1967); *State v. Morton*, 338 S.W.2d 858, 861–62 (Mo.1960). Accordingly, the persisent offender provisions of § 195.200, RSMo 1978 do not impermissibly abridge defendant's constitutional rights to a trial by jury.

▋ Defendant also contends that subsection 4 of § 195.200, which prohibits judicial clemency for persistent offenders of Missouri's controlled substances law, violates federal and Missouri constitutional prohibitions against cruel and unusual punishment.[4] He also argues that subsection 4 constitutes a prohibited legislative restriction of inherent judicial discretion to determine whether incarceration is appropriate. It is well recognized that courts presume the constitutionality of legislatively prescribed punishment, and those who seek invalidation bear a heavy burden of demonstrating that the statutory punishment is barbarous or excessive. *State v. Borden*, 605 S.W.2d 88, 92 (Mo. banc 1980); *State v. Higgins*, 592 S.W.2d 151, 155 (Mo. banc 1979), appeal dismissed, 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254. Appellant has not met his burden in this case. *See Rum-*

*mel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Further, we have consistently held that fixing punishment for a crime defined by statute is the province of the Legislature not the court. *State v. Higgins*, 592 S.W.2d at 156. In *State v. Borden*, we responded to an attack on a mandatory sentence statute with words appropriate here.

Whatever the merits of individualized sentencing vis a vis mandatory minimum, such determinations are matters of policy within the legislative province. Defendant's argument seeks to achieve under the Eighth Amendment what we have already declared intolerable under Art. II of the Constitution of Missouri the usurpation by the judiciary of legislative authority to prescribe punishment.

605 S.W.2d at 93.

▋ Defendant's final challenge to § 195.200 raises the double jeopardy provisions of the federal and state constitutions. This contention is not well taken, for it has long been held that enhancement schemes contained in recidivist statutes do not unconstitutionally subject an accused to double jeopardy. *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948); *State v. Kane*, 629 S.W.2d 372, 375 (Mo. banc 1982); *State v. Reese*, 625 S.W.2d 130, 134 (Mo. banc 1981).

### II.

Defendant asserts the trial court erred in refusing defendant's request for a mistrial after a witness for the State in a nonresponsive answer volunteered information concerning "stolen guns" which violated the trial court's ruling on a motion in limine. Prior to trial, defendant requested and received a ruling in limine prohibiting reference by witnesses and counsel to the fact

---

ment; in all other cases punishment shall be affixed as otherwise provided by the law.

Subsection 3. Prior convictions under this chapter shall be pleaded, heard and determined in the same manner as in all other cases.

Subsection 4. No parole, probation, suspended sentences or any other form of judicial clemency may be exercised in behalf of

any person punished under subdivision (3) or (5) of subsection 1.

2. U.S.Const., Amends. VI & XIV.

3. Mo.Const., Art. I, § 18(a).

4. Mo.Const., Art. I, § 21; U.S.Const., Amends. VIII & XIV.

that guns sold by defendant to the undercover agent were stolen. On direct examination of the first state witness, the following exchange occurred:

Prosecutor: Did you take any part about—in this talk about the guns?

Witness: Yes, I did. I said that they were nice guns. And Mr. Agee had made the statement that they were stolen, and that he wished to, you know, sell them for a cheap price. And Mr. Agee made the statement that he wanted $70 for the rifle and thirty for the shotgun.

Out of the jury's hearing defense counsel immediately requested a mistrial. The prosecutor responded that he had informed the witness of the ruling in limine and that the statement was neither solicited nor expected. The court denied defendant's request for a mistrial, but directed the prosecutor to admonish his witnesses to refrain from referring to the weapons as stolen. Still out of the jury's hearing, the court directed the testifying witness to make no further reference to the stolen weapons and announced a mistrial would be declared if the ruling was violated again. Finally, the court ordered the offending statement stricken from the record and admonished the jury as follows:

Ladies and gentlemen of the jury, prior to that recess, the witness had volunteered a statement that was not in direct response to a question, that—in which he quoted someone as making a statement that the guns were stolen.

The court is ordering that testimony stricken from the record, and admonishing you, and directing you not to consider it; that has nothing to do with this case; it is irrelevant to this case. And in arriving at your decision, you are not to give any weight to or consider that statement at all.

■ The decision to grant a mistrial on mention of defendant's prior criminal activity rests within the trial court's sound discretion. *State v. Harris*, 547 S.W.2d 473, 475 (Mo. banc 1977). Mistrial is a drastic remedy, to be granted only with the greatest caution and in extraordinary circumstances. *State v. Morgan*, 592 S.W.2d 796, 808 (Mo. banc 1980), *vacated on other grounds*, 449 U.S. 809, 101 S.Ct. 56, 66 L.Ed.2d 12 (1980). In this case, the trial court employed appropriate curative measures short of declaring a mistrial. Further, it is significant that the objectionable portion of the witness' answer was not only unresponsive to the prosecutor's question but did not directly refer to defendant's involvement in other crimes. Rather, the statement referred to a Mr. Agee's statement that the guns were stolen. In light of these facts, we cannot say the trial court abused its discretion in refusing to declare a mistrial. No reversible error occurred.

### III.

It is next asserted the trial court erred in failing to sustain an objection to the prosecutor's alleged misstatement of the law concerning entrapment during closing argument. While explaining the verdict director the prosecutor said:

The third part of that verdict director, does the evidence show, beyond a reasonable doubt, that the defendant was not entrapped? That's where he says, "yea, I sold it, but my will was overcome, and I had to sell it. I didn't want—... [defense counsel made an objection which was overruled].

Entrapment is a case where not that the defendant was reluctant to sell it, there has to be evidence to show that the defendant was not ready, willing, and able to sell it. It's explained for you, right here in No. 6, and all you have to do is read it.

It says,—... [defendant's second objection was also overruled]."

■ Broad discretion rests with the trial court to control closing argument, with wide latitude accorded counsel in their summations. *State v. Olds*, 603 S.W.2d 501, 511 (Mo. banc 1980); *State v. Newlon*, 627 S.W.2d 606, 616 (Mo. banc 1982). Throughout trial, defendant maintained that he was entrapped, that his will was overcome by the persistent badgering of police officers

urging him to sell narcotics. A reading of the entire argument, however, reveals that the prosecutor was merely making an effort to apply the facts of the case to the law contained in the instructions. In particular, the prosecutor's statement that defendant was "ready, willing and able" to sell LSD is not an egregious deviation from the definition of entrapment found in the verdict director. The prosecutor's comments were in the nature of a discussion of defendant's claim of entrapment. Additionally, the prosecutor followed his comments by reading the definition of entrapment contained in the verdict director and in the converse instructions. And at other points during closing argument, the prosecutor accurately reiterated a number of the basic elements of entrapment. Thus, we find no prejudicial error resulted from overruling defendant's objection to the argument.

## IV.

Defendant finally contends that the trial court erred in refusing to submit his proffered Instruction A. That Instruction, not contained in MAI–CR2d, reads as follows:

If the defendant is found guilty of the offense charged, then by law:

(A) the judge and not the jury, shall affix the term of imprisonment; and

(B) such term of imprisonment shall be for a term of not less than ten years nor more than life imprisonment in a state correction institution.

Defendant argues that had the jury known the range of punishment, it might not have found him guilty as charged.

■ The trial court properly refused defendant's proffered instruction. Supreme Court Rule 28.02(a) requires the trial court to instruct the jury on all questions of law necessary for its guidance in returning a verdict. Section 195.200.2, RSMo 1978, however, removed the issue of defendant's punishment from the jury's consideration. See MAI–CR2d 32.06, Note on Use 5. When the issue of punishment is taken from the jury and vested in the court by statute, the jury is no longer involved. *State v. Taylor*, 602 S.W.2d 820, 823 (Mo.

App.1980). The applicable legal principles relating to punishment are not necessary for the jury's guidance in returning a verdict, and need not be included in the instructions.

Affirmed.

All concur.