**STATE of Missouri, Respondent,**

v.

**Vernon TATUM, Appellant.**

**No. WD 34602.**

Missouri Court of Appeals,
Western District.

Aug. 9, 1983.

James L. McMullin, Kansas City, for appellant.

John Ashcroft, Atty. Gen., and George Cox, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P.J., and PRITCHARD and KENNEDY, JJ.

KENNEDY, Judge.

Defendant Tatum appeals a jury conviction of murder in the first degree, § 565.-003, RSMo 1978. In accordance with the jury's verdict, the trial court sentenced Tatum to life imprisonment.

We find no reversible error and we affirm the judgment.

The facts are as follows:

On May 21, 1981, at approximately 7:00 a.m., an apartment manager discovered Marcile Cunningham dead in the victim's Kansas City, Missouri apartment with a bloody rag stuffed in her mouth. The victim was last seen alive the previous evening.

The police arrived soon thereafter and collected evidence. An autopsy revealed that the 72-year-old victim died from blunt force injuries to the head and asphyxiation caused by blood in her airway and the rag in her mouth. The victim's body was extensively bruised, and her nose and jaw were fractured. Prior to the victim's death, the attacker bound her wrists with the telephone cord. There were indications of a struggle.

On June 4, 1981, Kansas City, Kansas police arrested the defendant for unrelated offenses. Pursuant to the arrest, the Kansas City, Kansas officers took the defendant's clothing and several items from his person, including a knife. Thereafter, they summoned police and forensic examiners from Kansas City, Missouri to examine the belongings seized from the defendant. The

examiners conducted tests on several of the items.

As a result of these tests, the Kansas City, Missouri police obtained a search warrant to seize the defendant's knife, shoes and a pair of rubber gloves. They subsequently arrested the defendant for the murder of Marcile Cunningham.

At trial, the state built its case on three items of scientific evidence. First, forensic experts determined that the knife recovered by Kansas City, Kansas police from the defendant was the same knife used to cut the telephone cord which bound the victim.

Second, the state's experts testified that the shoes worn by the defendant were "consistent" with footprints found in an alleyway outside the victim's apartment. The shoes were of the same size, style and sole design as those worn by someone at the crime scene. However, the experts could not conclusively determine that the shoes taken from the defendant made the shoe prints found at the crime scene.

Third, investigators recovered three hairs from the victim's apartment. These hairs were compared to hair standards extracted from the defendant. The state's expert testified that the hairs from the crime scene were "indistinguishable" from the hair from defendant's head. He further testified that statistical studies have concluded that only one person in 5,400 would have the same hair. The expert would not testify, however, that the hairs recovered at the scene positively belonged to the defendant.

1. *Jurisdiction. Validity of statute. Selection of venire from voter registration lists.*

The defendant attacks the validity of § 497.130, RSMo 1978,[1] in two ways—first, by a motion to retransfer to the Supreme Court on the ground that the case involves the validity of a statute, Art. V, Sec. 3, Mo. Const., and, second, by his first point on appeal, wherein he says the court erred in overruling his motion to disqualify the array of jurors.

The defendant initially filed his notice of appeal to the Missouri Supreme Court, citing his life imprisonment sentence as grounds for jurisdiction. On its own motion, the Supreme Court transferred the cause to this court.

We overruled his motion to retransfer to the Supreme Court, and now explain our reason therefor.

Our Supreme Court has upheld the validity of the statute as against the constitutional challenges made by appellant. *State v. Parker,* 462 S.W.2d 737, 738 (Mo.1971); *State v. Carter,* 572 S.W.2d 430, 434 (Mo. banc 1978). See also *United States v. Jones,* 687 F.2d 1265, 1269–70 (8th Cir.1982); *United States v. Clifford,* 640 F.2d 150, 156 (8th Cir.1981); *State v. Davis,* 646 S.W.2d 871 (Mo.App.1982).

The cases cited by appellant for his argument, namely, *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); *Taylor v. Louisiana,* 419 U.S. 522 (1975), 95 S.Ct. 692, 42 L.Ed.2d 690; and *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979); do not support appellant, either on the question of our appellate jurisdiction or on the underlying question of the statute's validity. Those cases condemn the systematic exclusion from venires from which juries are made up, of a "distinctive group within the community". Unregistered voters are not such a group. *State v. Parker,* supra, and *State v. Carter,* supra.

■ Since our Supreme Court has considered and has upheld the validity of the statute, against the constitutional challenges which defendant makes here, the validity of the statute is not a substantial question so as to give the Supreme Court jurisdiction of the appeal. *State ex rel. Doniphan Telephone Co. v. Public Service Commission,* 369 S.W.2d 572, 575–76 (Mo. 1963); *State v. Brookshire,* 325 S.W.2d 497, 500 (Mo.1959); *Schneider v. Bi-State Development Agency,* 447 S.W.2d 788, 789–90 (Mo.App.1969).

1. This statute has since been revised. Section 497.130, RSMo Supp.1982.

■ Even as we decide we have jurisdiction because of the settled validity of § 497.130, now revised, as against defendant's challenges, we rule against appellant on his first point, to wit, that the court erred in overruling his challenge to the array of jurors.

### 2. *Testimony of other crimes.*

The defendant's second point alleges the trial court erred in denying his motion for mistrial after a state's witness, in an unresponsive answer, mentioned that he had booked the defendant for disorderly conduct and trespassing in Kansas City, Kansas. This statement violated a motion in limine previously granted. The defendant argues that mention of the other crimes was highly prejudicial and constituted reversible error.

We note first that the offenses were not of a serious kind, which would have a definite tendency to be highly prejudicial to defendant, and also that the information given by the witness was not responsive to the prosecutor's question.

■ The decision to grant a mistrial on mention of a defendant's unrelated criminal activity rests within the trial court's sound discretion. *State v. Gilbert,* 636 S.W.2d 940, 943 (Mo. banc 1982); *State v. Warden,* 591 S.W.2d 170, 172 (Mo.App.1979). Declaration of a mistrial is a drastic remedy and should be granted only when the incident is so grievous that the prejudicial effect can be removed in no other way. *State v. Gilbert,* supra at 943; *State v. O'Neal,* 618 S.W.2d 31, 35 (Mo.1981); *State v. Baker,* 630 S.W.2d 111, 114 (Mo.App.1981). In the instant case, the trial court permitted defense counsel ample opportunity to research authority and to argue the motion for mistrial before ruling on the motion. Thereafter, he ordered the offending statement stricken from the record and instructed the jury to disregard the witness' statement.[2] The trial court occupies the best position to

assess the prejudicial effect of the statement upon the jury and to take appropriate curative action short of a mistrial. *State v. O'Neal,* supra at 35; *State v. Baker,* supra at 114; *State v. Ivory,* 609 S.W.2d 217, 222 (Mo.App.1980). We cannot say the trial court abused its discretion in refusing to declare a mistrial. No reversible error occurred.

### 3. *Point of error based upon incomplete record.*

■ The defendant's third point concerns the rebuttal portion of the state's closing argument. However, the defendant has included none of the closing argument in the record on appeal. An appellant is entitled to review based upon a full, fair and complete transcript on appeal, but he bears the ultimate responsibility for preparing and filing that transcript. *State v. Stewart,* 636 S.W.2d 345, 347 (Mo.App. 1982). See also *State v. McClain,* 602 S.W.2d 458, 459 (Mo.App.1980); Rule 30.-04(a). The trial transcript is binding on the reviewing court. *State v. Stewart,* supra at 347; *State v. Battle,* 588 S.W.2d 65, 70 (Mo.App.1979). Since the comments of which the defendant complains are not substantiated by the record, we cannot consider them on appeal.

### 4. *Admission in evidence of knife and shoes.*

The defendant moved to suppress a knife and pair of shoes seized from him by the Kansas City, Kansas police and subsequently examined by Kansas City, Missouri police. The trial court denied his motion. In his fourth point, the defendant charges this ruling was error. He contends the Kansas City, Missouri officers illegally seized and tested the evidence in violation of his constitutional rights.

■ Kansas City, Kansas police arrested the defendant on unrelated charges.

---

**2.** The trial court admonished the jury as follows:

The witness, Rick Alvarado, made a statement yesterday as to the reason he was booking the defendant. The Court is instructing you that that statement is stricken from the record and not to be considered by you, it is not to be considered by the jury for any purpose whatsoever in connection with the trial of this case.

The search they conducted incident to his arrest was authorized and did not violate his constitutional guarantee against unreasonable search and seizure. *State v. Smith,* 451 S.W.2d 87, 90 (Mo.1970); *State v. Rogers,* 585 S.W.2d 498, 503 (Mo.App.1979); *State v. Holman,* 556 S.W.2d 499, 504 (Mo. App.1977). Evidence legally obtained by one police agency may be made available to other such agencies without a warrant, even for a use different from that for which it originally was taken. *United States v. Gargotto,* 476 F.2d 1009, 1014 (6th Cir.1973), cert. denied, 421 U.S. 987, 95 S.Ct. 1990, 44 L.Ed.2d 477 (1975); *State v. White,* 621 S.W.2d 287, 291 (Mo.1981). The point is denied.

### 5. *Sufficiency of evidence.*

■ Finally, the defendant contends the trial court erred in overruling his motion for acquittal. In considering the sufficiency of the evidence, we view the evidence and all reasonable inferences therefrom in the light most favorable to the state, disregarding evidence and inferences to the contrary. *State v. Garrett,* 627 S.W.2d 635, 642 (Mo. banc 1982), cert. denied, —— U.S. ——, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982); *State v. Woods,* 637 S.W.2d 113, 119 (Mo. App.1982); *State v. Mott,* 631 S.W.2d 56, 58–60 (Mo.App.1982). The defendant's guilt may be established entirely by circumstantial evidence. The circumstances need not be absolutely conclusive of guilt. However, they must be inconsistent with and exclude every reasonable hypothesis of the defendant's innocence. *State v. Woods,* supra at 119; *State v. McGowan,* 636 S.W.2d 354, 356 (Mo.App.1982); *State v. Turner,* 631 S.W.2d 695, 697 (Mo.App.1982).

■ The defendant notes that the only evidence to connect him with the murder was the knife recovered upon his arrest by Kansas City, Kansas police. He complains that because the state presented no evidence that the defendant had possession of the knife when the crime occurred 15 days earlier, the state proved only suspicious circumstances insufficient to sustain the verdict. His argument must fail.

There was sufficient evidence to support the defendant's conviction. The defendant had in his possession the knife which positively was used to cut the telephone cord binding the victim. Hair strands recovered from inside the victim's apartment matched those of the defendant. In addition, the defendant wore shoes exactly like those that left tracks in an alleyway outside the victim's apartment. From this combination of circumstances, the jury reasonably could infer the defendant's guilt. Compare the single fingerprint cases, where proof of defendant's presence at the crime scene, at or about the time of crime, without any exculpatory explanation, has been held to make submissible burglary case. *State v. Thomas,* 452 S.W.2d 160, 163 (Mo.1970); *State v. Hulbert,* 621 S.W.2d 310 (Mo.App.1981); *State v. Sanders,* 619 S.W.2d 344, 350–51 (Mo.App.1981).

The judgment is affirmed.

All concur.