STATE of Missouri, Respondent,

v.

Alex A. MASON, Appellant.

No. 53382.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 8, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 7, 1988.

Application to Transfer Denied
Jan. 17, 1989.

Stormy B. White, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Alex Mason appeals from a judgment entered on a jury verdict convicting him of murder in the second degree. The trial court sentenced appellant to life imprisonment.

The evidence adduced at trial, viewed in the light most favorable to the verdict is as follows. On November 14, 1985, appellant's daughter, Jacqueline Mason, was awakened at 6:20 a.m. by the cries of the victim, Mary McKay. The appellant had been verbally attacking the victim. Appellant stated McKay was "trying to hurt them." Subsequently, appellant struck the victim and ordered her to be quiet. Later, appellant sprayed the victim extensively with Raid insecticide and forced her to ingest the chemical. Victim was then found on her knees licking the woodwork while appellant watched. At this point, Jacqueline Mason warned appellant to curb his violent behavior to avoid going to prison. Appellant responded, "What the hell, I'm going to the penitentiary anyway."

Several hours later, Jacqueline Mason left the residence on an errand. Upon returning, Ms. Mason found her residence locked. Appellant greeted Ms. Mason by telling her an intruder killed McKay. Appellant instructed Ms. Mason to call the police, but he insisted she not inform the police of his presence in the residence. Thereafter, appellant drove away disappearing for several weeks.

Mary McKay died from several gunshot wounds to her chest. The bullet fragments were positively identified as belonging to a gun found in the parking lot behind McKay's residence. Appellant was seen with a gun in his possession the night before McKay's death.

On December 7, 1985, appellant turned himself into the Las Vegas, Nevada Police Department for questioning concerning a murder in St. Louis, Missouri. The attending officer immediately arrested appellant for the murder of Mary McKay. Subsequently, appellant voluntarily confessed to the officer that he had killed the victim.

■ Appellant's first point on appeal is that the trial court erred in admitting evidence of appellant's prior participation in the federal grand jury's drug investigation. An appellate court will not interfere with a trial court's ruling on the admission or exclusion of evidence absent clear abuse. *State v. Clark*, 711 S.W.2d 928, 932 (Mo. App.1986). In *State v. Trimble*, 638 S.W. 2d 726, 732 (Mo. banc 1982), the Missouri Supreme Court determined that evidence of prior criminal activity is admissible only where it has a legitimate tendency to establish that the defendant is guilty of the immediate crime charged. Therefore, evidence of prior criminal activity is admissible if it tends to establish motive. *Id.* In this case, the evidence of appellant's prior participation in the drug investigation tends to establish a motive for appellant's killing of McKay.

In January 1985, the FBI began a drug investigation allegedly involving appellant. During the investigation, the FBI unsuccessfully attempted to serve McKay with a federal grand jury subpoena. On June 5, 1985, appellant testified before the grand jury pursuant to limited use immunity. Appellant knew he could be prosecuted for perjury if he lied before the grand jury. After testifying, appellant told McKay, "Maryeta, your name came up several times."

Appellant testified before the grand jury under limited use immunity. Nevertheless, appellant knew he could be prosecuted for perjury if he lied under oath. The appellant was acutely aware the FBI sought the testimony of Mary McKay. The evidence suggests appellant feared testimony of McKay would implicate him for perjury. Appellant accused McKay of attempting to harm him. He complemented this accusation with a barrage of physical and verbal abuse. Appellant then stated he would be

going to the penitentiary. These factors tend to establish a motive for appellant killing the victim. Thus, the trial court did not abuse its discretion in admitting evidence of appellant's participation in the drug investigation.

 Appellant's second point states that the trial court abused its discretion by denying appellant's motion for mistrial. Appellant bases his motion for mistrial on an unresponsive answer by a witness to a prosecutor's question. The witness, the victim's sister, testified that the victim had informed her that appellant had killed another person. Some jurors informed the trial judge that they did not hear the witness. The trial judge determined most of the jurors did not hear the statement. Furthermore, the trial judge instructed the jury to disregard the answer and put it out of their minds.

In *State v. Anderson*, 698 S.W.2d 849, 852–53 (Mo. banc 1985), the Missouri Supreme Court states that "the declaration of a mistrial rests largely in the discretion of the trial court because, by virtue of having had the opportunity to observe the incident precipitating the request for mistrial, the trial court is in a better position than an appellate court to determine the prejudicial effect, if any, the incident had on the jury." In this case, the trial judge determined there was no prejudicial effect as most jurors did not hear the witness's statement. Furthermore, if there was any prejudicial effect the trial judge determined it was effectively eliminated by his instructions admonishing the jurors to disregard the witness's statement. Deference must be given to the trial court's determination that any prejudicial effects were eliminated. *State v. Gilbert*, 636 S.W.2d 940, 943 (Mo. banc 1982).

For this reason, appellant's second point is without merit.

JUDGMENT AFFIRMED.

SIMON and SIMEONE, JJ., concur.