**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Wilfred JONES, Defendant-Appellant.**

**No. 37941.**

Missouri Court of Appeals,
St. Louis District,
Division One.

June 13, 1978.

Motion for Rehearing and/or Transfer
Denied July 14, 1978.

Robert C. Babione, Public Defender, Mary Louise Moran, Walter H. Sheata, James Whitney, Asst. Public Defenders, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Nels C. Moss, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of stealing $50 or over and his sen-

tence of seven years by the trial court pursuant to the second offender act. We affirm.

The evidence established that defendant stole four leisure suits from Famous-Barr Company and that those suits had a combined value considerably in excess of $50. On appeal defendant raises a single contention—that the trial court erroneously allowed the admission into evidence of a Xerox copy of an invoice to establish value of the stolen merchandise. It is contended that this was erroneous for two reasons: (1) the prosecution failed to qualify the document under the Uniform Business Records as Evidence Act, § 490.680, RSMo 1969 and (2) the copy was not the best evidence.

The first contention was not raised by objection at trial or in the motion for new trial and so was not preserved for appellate review. It is particularly important that where an inadequate foundation has been laid for admission of evidence that the objection made be specific as such foundation deficiencies can frequently be remedied. We will not review the contention of inadequate foundation raised for the first time on appeal.

The defendant's second contention lacks support in fact. The trial court has wide discretion in the admission of secondary evidence. *State v. Stephens*, 556 S.W.2d 722[2, 3] (Mo.App.1977). There was testimony here that the original invoice could not be found and that the Xerox copy was an exact copy of the original. This was a sufficient basis for the admission of the copy. *State v. Stephens*, supra.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.