STATE of Missouri, Respondent,

v.

Curtis GRISBY, Jr., Appellant.

No. 57042.

Missouri Court of Appeals,
Eastern District,
Division One.

June 28, 1991.

Loyce Hamilton, St. Louis, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

A jury convicted defendant, Curtis Grisby, Jr., of possession of phencyclidine, a schedule II controlled substance, § 195.020 RSMo 1986 (now repealed). The court sentenced defendant as a prior offender to five years imprisonment. On appeal defendant alleges the trial court erred in overruling his motion for judgment of acquittal because the state failed to establish a valid chain of custody for exhibits admitted into evidence. He argues there is no proof the exhibits were in the same condition when admitted into evidence as they were when seized, thus, there was no evidence to connect defendant to the crime. We affirm.

Police Officer Magditsch testified that on October 15, 1987, at approximately 10:15 p.m. he seized two clear plastic bottles with black plastic caps and a pack of Moore cigarettes from defendant. One bottle contained liquid. Defendant, a pedestrian, dropped one bottle after he saw the police. Officer Magditsch discovered the second bottle and cigarettes after a pat down search of defendant. At 11:00 p.m., Officer Magditsch marked his department serial number with a magic marker on each item at the police station. Officer Magditsch delivered the evidence to the police lab and filled out the usual receipts. Officer Magditsch was able to identify the bottles by their unique markings, as well as his identification number, and the cigarettes by his identification number.

The chemist from the police lab testified the official laboratory records indicated

that Officer Magditsch delivered the evidence to the lab and the "laboratory document associates this set of evidence with a Curtis Lee Grisby." The chemist was not on duty when Officer Magditsch delivered the evidence. However, the chemist testified, "It is a common procedure for [the evidence] to be signed and received for by a clerk at the laboratory when a chemist is not on duty." The chemist admitted he had no independent knowledge of the origin of the evidence, "other than the—the documents that are filled out by the officer and the person receiving it...." The chemist testified his analysis revealed the bottles contained phencyclidine, also known as PCP or angel dust. During trial he was able to identify the evidence by his initials and lab stickers. The "receiving clerk" did not testify.

Ultimately, the exhibits were offered by the state and received without objection. However, the objection on chain of custody grounds was timely made and overruled and the issue was in the motion for new trial.

 It is within the discretion of the trial court to determine whether a chain of custody has been sufficiently established before allowing the admission of physical evidence. *State v. Turnbough*, 729 S.W.2d 37, 39 (Mo.App.1987). "In order to rule that admission is proper, the court must find that the facts provide 'reasonable assurance' that the exhibits sought to be introduced were in fact received from the defendant and are in like condition at the time of introduction as when received." *Id.* "To establish a chain of custody of an item in evidence it is not necessary to account for every hand-to-hand transfer of it between the time it is obtained and its introduction at trial." *State v. Reed*, 789 S.W.2d 140, 143 (Mo.App.1990). A chain of custody is established if the evidence demonstrates a reasonable assurance that the condition of the exhibit remains the same. *Id.* Our concern is whether the evidence in this case provides "reasonable assurance" that the exhibits were not substituted or altered prior to analysis or trial. *Turnbough*, 729 S.W.2d at 40.

We conclude the evidentiary chain provides reasonable assurance that the evidence seized by Officer Magditsch was the evidence examined by the chemist and found to be phencyclidine. Officer Magditsch testified he took the exhibits from defendant and delivered them to a clerk at the lab forty-five minutes later. The chemist said the police laboratory followed its procedures for labeling, testing and safekeeping of evidence. *See Reed*, 789 S.W.2d at 143. Both the chemist and the police officer were able to identify the evidence at trial. Accordingly, we find no error in the admission of the exhibits.

In reviewing the sufficiency of the evidence, we accept as true the evidence favorable to the verdict and all reasonable inferences therefrom and disregard contrary evidence and inferences. *State v. Gunnaway*, 649 S.W.2d 235, 238 (Mo.App. 1983). Accepting the exhibits and the other evidence presented as true, the evidence was sufficient to overcome a motion for judgment of acquittal and sustain the jury's verdict.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.