STATE of Missouri, Respondent,

v.

Darnell BLUE, Appellant.

Darnell BLUE, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 61840, 64547.

Missouri Court of Appeals,
Eastern District,
Division One.

May 10, 1994.

Robert E. Steele, Jr., St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals after a jury convicted him of possession of a controlled substance, phencyclidine, in violation of § 195.202, RSMo Supp.1993, and the motion court denied his Rule 29.15 motion. We affirm.

Viewed in the light most favorable to the verdict, the evidence adduced at trial was as follows: On June 5, 1991, at approximately 1:30 p.m., Officer William Swiderski was patrolling through O'Fallon Park in the City of St. Louis when he observed a small red car illegally parked near a pavilion. He drove toward the car, intending to issue a ticket. When he got within about 5 feet of the car, the driver said, "I know. I'm leaving," and got back in the car and drove away. Officer Swiderski started to leave the park when he noticed Defendant standing under the pavilion holding a red plastic drinking cup. Defendant began walking toward the edge of the pavilion, away from the police car. Defendant passed behind one of the pavilion's columns. When he came back in Officer Swiderski's view, he no longer had the red plastic cup in his hand. He then walked back under the pavilion and sat down at a picnic table where three other men were playing dominos.

Officer Swiderski drove around the pavilion and saw the red plastic cup on the ground behind the column. He stopped the car and went to look in the cup because he suspected Defendant may have been drinking alcohol. Inside the cup, Officer Swiderski found a clear plastic bottle with a black cap. The bottle contained a clear liquid which Officer Swiderski believed was phencyclidine. Officer Swiderski put the cup back on the ground and he went to place Defendant under arrest. After arresting Defendant, Officer Swiderski put him in the back of the police car and radioed for assistance. He then picked up the red cup and plastic bottle and placed them on the police car until assistance arrived.

Officer Steven Tatum of the evidence technician unit responded to the call. He dusted the cup and the bottle for fingerprints but found none. The cup and bottle were then sealed in an evidence bag and taken to the crime lab. Joseph Crow, a lab criminologist, tested the liquid inside the plastic bottle and concluded it contained phencyclidine.

Defendant did not testify at trial, but he presented evidence from two witnesses who were present at the scene at the time he was arrested. One witness testified he did not see any red plastic cup at the crime scene. The other witness testified he saw a police officer holding the red plastic cup, but he never saw Defendant holding it. At the close of all the evidence, the jury found Defendant guilty as charged, and he was sentenced to ten years' imprisonment as a prior and persistent offender.

On August 10, 1993, Defendant filed a motion to vacate, set aside, or correct the judgment of the trial court, pursuant to Rule 29.15. An amended motion was filed on November 23, 1993. The motion court entered findings of fact and conclusions of law denying Defendant's motion without an evidentiary hearing.

■ In Point I, Defendant claims the trial court plainly erred in admitting the red cup and plastic bottle into evidence because the State failed to provide reasonable assurances the cup and bottle offered into evidence were ever in the Defendant's possession. However, Defendant's claim is not properly preserved for review because no objection was made at trial. Claims of inadequate foundation will not be considered for the first time on appeal. In *State v. Jones*, 569 S.W.2d 15, 16[2] (Mo.App.1978), this court held:

It is particularly important that where an inadequate foundation has been laid for admission of evidence that the objection made be specific as such foundation deficiencies can frequently be remedied. We will not review the contention of inadequate foundation raised for the first time on appeal.

■ Furthermore, Defendant's claim the State failed to prove he ever had possession of the cup admitted into evidence does not raise a claim of inadequate foundation. In order for the State to have the red cup and plastic bottle admitted into evidence, it had to offer foundational testimony which provided reasonable assurances the cup and bottle sought to be introduced were the same arti-

cles and were in the same condition as when taken into custody by the police. *State v. Clay*, 817 S.W.2d 565, 567[2] (Mo.App.1991). Defendant does not allege the State failed to do this. Rather, the only portion of his argument which raises a foundational claim is his allegation the State failed to provide reasonable assurances the cup was not tampered with between the time Officer Swiderski first examined it and when it was sealed in the evidence bag. We find no plain error exists as the evidence provided reasonable assurances the cup was not tampered with in the short period of time between Officer Swiderski's first examination of the cup and when it was sealed in the evidence bag. *See, Id.* at 568[3] (State is not required to exclude every possibility that the evidence has been disturbed). Point denied.

■ In Point II, Defendant alleges the trial court erred in denying his motions for a judgment of acquittal because the evidence was insufficient to establish beyond a reasonable doubt that he had possession of a controlled substance. Defendant alleges there was insufficient evidence to establish he had possession of the bottle containing phencyclidine because no fingerprints were found on the bottle and no witness could testify to actually seeing the bottle in Defendant's possession.

■ In reviewing a challenge to the sufficiency of the evidence, we are limited to determining whether there was sufficient evidence from which a reasonable juror could have found Defendant guilty beyond a reasonable doubt. *State v. O'Brien*, 857 S.W.2d 212, 215–16[5] (Mo. banc 1993). The credibility of the witnesses and the weight to be given to their testimony is an issue for the jury and is not subject to review on appeal. *State v. Ek*, 834 S.W.2d 828, 831[4, 5] (Mo. App.1992).

There was sufficient evidence from which the jury could have reasonably found Defendant possessed phencyclidine. Officer Swiderski observed Defendant with a red plastic cup in his hand. He then saw Defendant pass behind a column of the pavilion and come back without the red plastic cup in his hand. Officer Swiderski then saw a red plastic cup lying on the ground by the column

Defendant had passed behind. Officer Swiderski testified there were no other red cups in the area. Further, no witness testified to seeing any other red cups in the area. Officer Swiderski looked inside the cup and found a clear bottle which he suspected contained phencyclidine. He sat the cup back on the ground while he went to place Defendant under arrest and call for assistance. He then picked up the red cup and plastic bottle and put them on his police car until the evidence technician arrived. The trial court did not err in denying Defendant's motions for acquittal because there was sufficient evidence for a reasonable juror to find Defendant possessed phencyclidine. *See, State v. Grisby*, 811 S.W.2d 488, 489[5] (Mo. App.1991) (evidence was sufficient to support a conviction for possession of phencyclidine where the substance seized by the arresting officer was admitted at trial and a chemist testified the substance was phencyclidine). Point denied.

In Point III, Defendant alleges the motion court clearly erred in denying his claim of ineffective assistance of counsel for counsel's failure to object to the admission of a photograph of the crime scene because a small child was visible in the background of the photograph.

■ In order to prevail on an ineffective assistance of counsel claim, a defendant must establish both that counsel's performance was deficient under prevailing professional norms and that prejudice resulted from the deficiency. *State v. McElroy*, 838 S.W.2d 43, 48[10] (Mo.App.1992).

■ The photograph admitted at trial depicted the location where the drugs were found. The motion court found the photograph was relevant and admissible and therefore, Defendant's counsel was not ineffective for failing to raise an objection. We agree. Photographs which accurately depict the area where the crime took place are generally admissible. *State v. Williams*, 849 S.W.2d 575, 580[16–17] (Mo.App.1993). Further, counsel cannot be found ineffective for failing to make a nonmeritorious objection. *Sidebottom v. State*, 781 S.W.2d 791, 799[19] (Mo. banc 1989). *See also, State v. Plummer*, 860

S.W.2d 340, 353 (Mo.App.1993) (defendant's counsel was not ineffective for failing to object to photographs depicting the school and the measuring device used by police, where defendant was charged with distributing a controlled substance within 1,000 feet of a school, notwithstanding the inclusion of a sign in photograph which read, "Warning Drug Free Zone"). Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.