STATE of Missouri, Respondent,

v.

Dennis CAIN, Appellant.

No. 65424.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 5, 1995.

Rosalynn Koch, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Dennis Cain appeals conviction on three charges of sale of a controlled substance pursuant to § 195.211 RSMo Cum.Supp.1990. Cain contends: (1) the court erred in denying his proposed instructions on the defense of entrapment which, if proven, excludes criminal prosecution as defined in § 562.066.1 RSMo 1986; (2) the court erred in permitting testimony regarding scientific identification of the substances sold as cocaine. We affirm.

The evidence was sufficient to support the convictions. Cain was indicted on four counts of sale of a controlled substance. The state alleged Cain sold cocaine to an undercover officer, James Ferrari, on or about April, 15, 18, 26, and 27 of 1991. B.M., a confidential informant, introduced Cain to Agent Ferrari.

At trial, Agent Ferrari testified Cain sold him cocaine on four separate occasions: April 15, 1991, Cain sold him 3.8 grams of cocaine in exchange for $450; April 18, 1991, Cain sold him 13.2 grams of cocaine for $850; April 26, 1991, Cain sold him 11.3 grams of cocaine for $1650; and, on April 27, 1991, Cain gave him 10.6 grams of cocaine.[1] A jury convicted Cain of Counts I, III and IV, but the court declared a mistrial on Count II.

Cain contends the trial court erred in refusing the offered entrapment instructions patterned after MAI–CR3d 310.28 and MAI–CR3d 325.04. A defendant is entitled to an instruction if there is evidence supporting a theory of defendant's case. *State v. Merritt*, 734 S.W.2d 926, 930 (Mo.App.1987). The defendant has the burden to introduce issues of inducement by the government to engage in unlawful conduct and an unwillingness by defendant to engage in such conduct. *State v. Johnson*, 728 S.W.2d 675, 677–678 (Mo.App.1987). "Generally speaking, the defense of unlawful entrapment is not available to an accused charged with an unlawful sale of narcotics who denies that he made the sale because the defense is premised on the basis that he did make the sale." *State v. Stock*, 463 S.W.2d 889, 892 (Mo.1971).

This case is analogous to *State v. Johnson*, 728 S.W.2d 675 (Mo.App.1987). The Southern District of this court held the trial court did not err in refusing to instruct the jury on entrapment where defendant denied commission of the crime of selling a narcotic. *Id.* at 677–679. In *Johnson*, defendant vacillated on the witness stand on the issue of whether he sold methamphetamines. *Id.* He could not say he was unlawfully induced to commit the crime, but never directly denied he sold the drugs. *Id.* "This attempt to distance himself from the transaction became inconsistent with the defense of entrapment and thus, appellant finally became ensnared by his own equivocation." *Id.*

Likewise, Cain tried to distance himself from the transaction by claiming he merely acted as a conduit. He wanted the jury to believe B.M. purchased the cocaine and brought it to his house. Cain also wanted the jury to believe he never received money, nor did he sell cocaine to Agent Ferrari. Initially, Cain denied he received money for the cocaine, but later admitted doing so.

Q. ... Dennis, did you ever get any money in exchange for selling drugs to Jim Ferrari?

A. Did I get money?

Q. Did you get money from a drug sale, from Jim Ferrari?

A. Yes.

Q. Were you profiting from the drug sale, or were you accepting money from Jim Ferrari for your going ahead and doing that for him?

1. Cain shorted the agent half an ounce on a previous sale of cocaine.

A. [B.M.] introduced me to Jim. That's what's [sic] the whole thing was about, was about the money?

Q. So Jim had the money—

A. Jim always had a lot of money.

On recross examination, Cain contradicted himself by denying he received money for selling drugs to Agent Ferrari.

Q. Did you get any money for selling drugs to Jim Ferrari?

A. No.

Q. Did you ever sell drugs to Jim Ferrari?

A. (no response)

Q. Did you ever sell drugs—

A. Did I sell—

Q. —to Jim Ferrari?

A. No, I haven't.

Cain later admitted he sold drugs in exchange for money on a subsequent recross-examination:

Q. Are you saying now that you delivered drugs to Jim Ferrari?

A. Are you asking me if I sold drugs to Jim?

Q. No, I asked you: "Did you give drugs to Jim Ferrari, did you deliver, give, hand him drugs?"

A. No, I never handed drugs to Jim Ferrari.

Q. Let's talk about terminology. Did you leave drugs for Jim Ferrari?

A. Yes.

Q. What kind of drugs?

A. Cocaine.

Q. Where did you obtain the cocaine?

A. [B.M.]

Q. And you got all this cocaine from [B.M.] that you gave to Jim Ferrari?

A. It looks like that I'm the one—

Q. Just answer—

A. Okay.

Q. —my question.

A. I'm sorry. Yes.

Q. Did you or did you not?

A. No—yes.

Similar to *Johnson,* Cain's testimony shows one inconsistency after another. His flat denials and his vacillation on the witness stand constitutes a denial he sold drugs. Thus, Cain was not entitled to the entrapment defense. The court properly refused the entrapment instructions.

■ Next, Cain contends the court plainly erred in permitting a chemist with the Missouri Highway Patrol Laboratory to testify regarding the contents of the packets which the state alleged he sold. Particularly, Cain argues the state failed to show what tests the expert used; whether those tests were scientifically accepted in the community; and, whether the tests were reliable in determining the presence of cocaine. Cain acknowledges the chemist's testimony regarding the results of the laboratory analysis was admitted without objection.

■ We do not review claims of error in the admission of evidence based upon the failure to prove a foundation in the absence of a trial court objection on that ground. *State v. Blue,* 875 S.W.2d 632, 633 (Mo.App. 1994). Further, admission of the evidence without objection was not a matter of plain error. The charges fully informed defendant scientific evidence in the form of testimony of an expert would probably be offered. Cain had an opportunity before trial to have the substances examined by an expert. The evidence was offered without objection and there was no cross-examination which would support a finding the evidence was unreliable.

We affirm.

REINHARD, P.J., and WHITE, J., concur.