**STATE of Missouri, Plaintiff– Respondent,**

v.

**John HODGES, Defendant–Appellant.**

No. 22694.

Missouri Court of Appeals, Southern District, Division One.

July 19, 1999.

Motion for Rehearing and Transfer Denied Aug. 9, 1999.

Application for Transfer Denied Sept. 21, 1999.

Emmett D. Queener, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel W. Follett, Asst. Atty. Gen., Jefferson City, for Respondent.

KENNETH W. SHRUM, Judge.

A jury convicted John Hodges (Defendant) of driving while intoxicated, § 577.010 RSMo 1994. He was charged as and found to be a persistent offender under § 577.023.1(2).[1] Consequently, his conviction was a class D felony. § 577.023.3. Defendant appeals from the judgment of conviction.

Defendant contends that the trial court plainly erred when it imposed judgment and sentence against him because his conviction resulted from the State's presentation of inadmissible evidence to the jury. Specifically, Defendant asserts that the arresting officer's testimony that he (Defendant) refused to take a breathalyzer test was inadmissible because there was no evidence that the officer informed Defendant that his refusal could be used against him in court as required by § 577.041. Defendant maintains that as a result of the admission of this evidence, he was denied his constitutional rights to due process and a fair trial. We affirm the conviction.

Missouri highway patrolman Thad Wilson stopped Defendant for a traffic violation. During the stop, Wilson discovered that Defendant's operator's license had been revoked and that Defendant did not have proof of insurance. Wilson also noticed that Defendant smelled of alcohol, that Defendant's "speech was sluggish and slurred a little," and that Defendant "wasn't very articulate, . . . and [h]is eyes appeared to be a little bloodshot, pupils a little dilated." Wilson asked Defendant if he had been drinking. Defendant told Wilson, "Yes, he had had a couple of beers." After Defendant failed several field sobriety tests, Wilson arrested him for driving while intoxicated.

After the arrest, Wilson took Defendant to the Butler County jail and asked Defendant to submit to a breathalyzer test. At trial, Wilson testified as follows:

"Q. What happened when you arrived at the jail?"

"A. I advised him of the Missouri Implied Consent Law and requested that he comply with a chemical test of his breath."

"Q. You asked him certain questions regarding that so called breathalyzer test?"

"A. Certain questions?"

"Q. Yes, prior to the test."

"A. Yes."

"Q. Do you know which questions those are?"

"A. Specifically on the implied consent law?"

"Q. Implied consent."

"A. He is advised based on my observations I placed him under arrest for driving while intoxicated and he is then told that, huh, you know, his license would be revoked for a year should he refuse to take the test. He is advised, huh, he is asked rather what time, rather he is asked if he would like to take the test and simply a yes or no answer."

"Q. What was his response to whether he would take the test?"

"A. He stated he would not take the test."

"Q. Okay. Did he tell you anything specifically?"

"A. He stated he didn't want to incriminate himself."

Defendant complains that evidence of his refusal to submit to a breathalyzer test should not have been admitted absent a showing that Defendant was informed that his refusal could be used against him in court. Defendant is correct that evidence of an arrestee's refusal to consent to a breathalyzer test is invalid under § 577.041.1 unless the officer properly advises the arrestee, *inter alia*, that the arrestee's refusal to take the test can be used against him or her in court.[2] *See*

---

1. All statute references are to RSMo Cum. Supp.1998, unless otherwise indicated.

2. In pertinent part, § 577.041.1 provides:

*McMaster v. Lohman,* 941 S.W.2d 813, 816[6] (Mo.App.1997). However, Defendant failed to object to the admission of the "refusal to consent" evidence at trial. He also failed to raise this claim of error in his motion for new trial. Consequently, Defendant has not preserved this issue for our review. *See State v. Kelley,* 953 S.W.2d 73, 88 (Mo.App.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1173, 140 L.Ed.2d 182 (1998). Nevertheless, Defendant asks that we exercise our discretion to review this claim of trial court error under the plain error standard.[3]

■ A trial judge's function in a criminal case is not to help lawyers try their lawsuits. *Kelley,* 953 S.W.2d at 89[37]. "They [trial judges] preside to judge a lawsuit." *State v. Drewel,* 835 S.W.2d 494, 498 (Mo.App.1992). "Without objection or other request for relief, a trial court's options are narrowed to uninvited interference in the lawsuit, thus subjecting the trial court to the accusation of trying ' "my lawsuit." ' " *Kelley,* 953 S.W.2d at 89 (citations omitted).

■ " 'The plain error rule should be used sparingly and does not justify a review of every trial error that has not been properly preserved for appellate review.' " *State v. McMillin,* 783 S.W.2d 82, 98 (Mo. banc 1990) (quoting *State v. Valentine,* 646 S.W.2d 729, 731 (Mo.1983)); *State v. Smith,* 979 S.W.2d 215, 219 (Mo.App.1998). Unless a claim of error "facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted,' " appellate courts will decline to review for plain error. *State v. Brown,* 902 S.W.2d 278, 284[2] (Mo.banc 1995).

■ We decline to exercise our discretionary authority to review for plain error here. Defendant's complaint concerns a foundational fact, i.e., the State did not lay an adequate foundation for admission of evidence of Defendant's refusal to submit to a breathalyzer test. As to unpreserved complaints of foundational deficiencies, our courts have stated:

" 'It is particularly important that where an inadequate foundation has been laid for admission of evidence that the objection made be specific as such foundation deficiencies can frequently be remedied. We will not review the contention of inadequate foundation raised for the first time on appeal.' "

*State v. Blue,* 875 S.W.2d 632, 633 (Mo. App.1994) (quoting *State v. Jones,* 569 S.W.2d 15, 16[2] (Mo.App.1978)). This reasoning is apropos here. If Defendant had properly objected to Wilson's testimony regarding Defendant's refusal to take a breathalyzer test, the trial court would have been alerted to the foundational issue and would have been able to quickly resolve the matter.

Moreover, Wilson testified generally that he "advised [Defendant] of the Missouri Implied Consent Law." Neither the prosecutor nor defense counsel ever specifically asked Wilson what he told Defendant about the consequences of refusing to consent to the breathalyzer test. Instead, the prosecutor asked Wilson what "questions" he had asked Defendant with regard to Missouri's implied consent law. Wilson gave a nonresponsive and voluntary answer when he replied, "[H]e is advised ... his license would be revoked for a year should he refuse to take the test." Nothing in the record definitively indicates that Defendant was not fully advised of the

"1. If a person under arrest ... refuses upon the request of the officer to submit to any test allowed under section 577.020, then none shall be given and evidence of the refusal shall be admissible in a proceeding pursuant to section ... 577.010.... The request of the officer ... shall inform the person that evidence of refusal to take

the test may be used against such person...."

3. Rule 30.20 provides the standard for plain error review: "[P]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

 

consequences of his refusal to consent to the breathalyzer test pursuant to § 577.041.1. Under the circumstances, the trial court may well have viewed Wilson's broad statement of compliance with the implied consent law as sufficient foundation and left it to the defense attorney to make some further inquiry. Perhaps defense counsel, too, believed officer Wilson's broad statement of compliance with the implied consent law was sufficient and, consequently, did not warrant an objection, or, perhaps, as a matter of trial strategy, Defendant sought to "set the stage" for an appeal of "built[-]in error." *See Smith,* 979 S.W.2d at 219. These circumstances do not facially establish substantial grounds for believing that a manifest injustice or miscarriage of justice has resulted. *See Brown,* 902 S.W.2d at 284[2].

We decline to exercise our discretion to review Defendant's point for plain error. The sentence and judgment of conviction are affirmed.

CROW, P.J., and PARRISH, J.,concur.