

# Missouri Court of Appeals
## Southern District

### In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | No. SD38212 |
| | ) | |
| | ) | Filed: **September 5, 2024** |
| | ) | |
| TRAVIS STERLING, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

Honorable David Andrew Dolan, Judge

**<u>AFFIRMED</u>**

Defendant Travis Sterling ("Defendant") appeals his conviction for second-degree trafficking of methamphetamine under §579.068.[1]  In his sole point on appeal, Defendant contends that the trial court abused its discretion when it permitted the State to introduce evidence that the substance found on scales in his possession was methamphetamine because the State failed to demonstrate that Corporal J.H.'s expert testimony was reliable.  Because Defendant did not make a foundational objection at trial, and because this Court does not review issues of inadequate

---

[1]Unless otherwise noted, all statutory references are to RSMo 2016, as amended through December 8, 2021, the date of the alleged crimes.

1

foundation raised for the first time on appeal, we decline to consider this point or engage in plain error review. The Judgment is affirmed.

**Factual Background and Procedural History**

On December 8, 2021, Defendant was stopped by Corporal J.H. for failing to signal. After Defendant consented to a search of his person, Corporal J.H. found digital scales in Defendant's pocket. Corporal J.H. observed a "white, chalky residue" on the scales and conducted a field test. The field test indicated a positive result for methamphetamine. The residue on the scales was not sent to a laboratory for testing. Corporal J.H. then searched Defendant's vehicle, where he discovered fourteen small plastic bags and 37 grams of methamphetamine under the driver's seat. The evidence discovered under the driver's seat was sent to the Missouri State Highway Patrol Crime Lab, where it was confirmed to be methamphetamine. Defendant was charged with second-degree trafficking of methamphetamine, failure to signal, and failure to maintain proof of insurance.

At a pretrial conference, Defendant objected to the admission of the scales and the field test as "proof that [the] substance [was] methamphetamine when no chemical lab tests were performed" and as highly prejudicial evidence of an uncharged prior act. The Court allowed the evidence, but granted Defendant a standing objection "as to the admissibility of the evidence of [Corporal J.H.] regarding any field tests conducted on the scale and of the admission of the scale into evidence." Defendant did not object to any foundational issue regarding Corporal J.H.'s testimony.

At trial, the State introduced photos of the scales, and Corporal J.H. testified that the scales field-tested positive for methamphetamine. On cross-examination, Corporal J.H. acknowledged that "field tests are not conclusive" and that he did not send the residue to a laboratory to obtain

conclusive results. Defendant did not object to any foundational issue regarding Corporal J.H.'s testimony. The jury convicted Defendant on all counts.

In his motion for new trial, Defendant argued that Corporal J.H.'s testimony constituted "testimony of a prior bad act and uncharged crime committed by Defendant." Defendant did not object to any foundational issue regarding Corporal J.H.'s testimony. The trial court denied Defendant's motion, and sentenced Defendant to twenty years in the Department of Corrections under §579.068.

**Discussion**

In his only point on appeal, Defendant argues that the trial court abused its discretion when it permitted Corporal J.H.'s testimony regarding the scales and field test because the State failed to demonstrate the reliability of his alleged expert testimony. If, in the alternative, the Court finds that Defendant failed to preserve the issue for appeal, Defendant requests that this Court engage in plain error review.

Claims of inadequate foundation or lack of foundation will not be considered for the first time on appeal. "It is particularly important that, where an inadequate foundation has been laid for admission of evidence, the objection made be specific as such foundation deficiencies can frequently be remedied. We will not review the contention of inadequate foundation raised for the first time on appeal." *State v. Shutters,* No. SD 37951, 2024 WL 2932430 at *5 (Mo. App. S.D. June 11, 2024) (quoting *State v. Honsinger*, 386 S.W.3d 827, 829 (Mo. App. 2012)).

Defendant contends that there was inadequate foundation for Corporal J.H.'s alleged expert testimony regarding the scales and field test. Defendant, however, raises this objection for the first time on appeal. At pretrial conference, Defendant argued that evidence of the field test was highly prejudicial evidence of an uncharged prior act. While Defendant was granted a standing objection,

3

it was not directed at the foundation for the evidence. At trial, Defendant made no specific objections when the evidence was introduced. In his motion for new trial, Defendant argued that Corporal J.H.'s testimony about the field test was evidence of a prior bad act and an uncharged crime. At no time did Defendant object to Corporal J.H.'s testimony on the grounds of inadequate foundation. This Court will not review such claim for the first time on appeal.

Failure to make a specific objection to the alleged lack of foundation justifies a denial of plain error review. *See State v. Tisius*, 362 S.W.3d 398, 407 (Mo. banc 2012). Further, "[a] claim after a trial that there was no adequate foundation for an expert's opinion is not a subject for plain error review." *Honsinger*, 386 S.W.3d. at 829. Even if Defendant had not waived his claim by failing to make a foundational objection at trial, we would still decline to engage in plain error review because the record does not facially establish substantial grounds for "manifest injustice."

Appellate courts have discretion to review "plain errors affecting substantial rights . . . when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Rule 30.20. "[A] defendant's Rule 30.20 burden is much greater – not merely to show prejudice, but manifest injustice or a miscarriage of justice – which in this context means outcome-determinative error." *State v. Pike*, 614 S.W.3d 651, 656 (Mo. App. W.D. 2021). Conversely, if there is no facial showing of manifest injustice or miscarriage of justice, appellate courts should decline to exercise plain error review. *State v. Brandolese*, 601 S.W.3d 519, 536 (Mo. banc 2020).

Here, there is no facial showing of manifest injustice. The trial judge permitted the State to introduce evidence of the field test to show that Corporal J.H. conducted a field test that gave a positive result, not to show "conclusively" that the substance found on the scales was methamphetamine. Corporal J.H. informed the jury that the field test is not conclusive evidence, and that no conclusive finding was obtained from a laboratory.

Appellant cites *State v. Nettles*, 216 S.W.3d 162 (Mo. App. S.D. 2006), in arguing that the field test cannot serve as "sufficient evidence regarding the ultimate fact of whether or not the substance tested is actually a controlled substance . . . ." At no time did Corporal J.H. testify, or the State argue, that the substance on the scales was conclusively methamphetamine or that the field test established that the substance was methamphetamine. The State instead introduced conclusive evidence that the 37 grams of substance found under Defendant's seat was methamphetamine. *Nettles* is inapposite.

The Court finds that Defendant's argument does not facially establish substantial grounds that manifest injustice or miscarriage of justice has resulted in this case. Thus, even if Defendant had not waived his foundational objection, plain error review would be denied.

**Conclusion**

The Judgment of the trial court is affirmed.


MATTHEW P. HAMNER, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS